**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAYURBHAI PATEL,** <br><br> Petitioner, <br><br> v. <br><br> **LUIS SOTO, et al.**, <br><br> Respondents. | Civil Action No. 25-17096 (ZNQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on petitioner Mayurbhai Patel's verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1), his motion for a temporary restraining order (Mot. for TRO, ECF No. 7) and Respondents response (Resp. to Pet., ECF No. 5.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will grant the petition.

**I.     BACKGROUND**

The parties do not dispute the essential facts. Petitioner entered the United States without inspection on or about December 7, 2022. (Pet. ¶ 38; Resp. to Pet. at 2.) Immigration and Customs Enforcement ("ICE") detained Petitioner on October 24, 2025, and he remains in detention without bond pursuant to ICE's interpretation of "applicants for admission" under 8 U.S.C. § 1225(b)(2) and the Board of Immigration Appeals' ("BIA") recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025). (Pet. at 1, ¶ 3, Resp. to Pet. at 1-2.)

Petitioner argues his detention under § 1225(b)(2) is unlawful, and he alternatively seeks immediate release or a bond hearing pursuant to § 1226(a). (Pet. at 13.) Petitioner relies on the

many district courts who have rejected the BIA's interpretation of § 1225(b)(2)(A) in *Hurtado*, and have instead held that noncitizens who have resided in the United States for more than two years after unlawful entry are subject to discretionary detention under 8 U.S.C. § 1226(a). (Pet. ¶ 30, collecting cases).

Respondents acknowledge that courts within the District of New Jersey, including *Rivera Zumba*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), have rejected ICE's argument that detention, under similar facts as those presented here, are governed by § 1225(b)(2). (Resp. to Pet. at 2-3.)  They stipulate that their answer to this Petition relies on the same statutory arguments made in *Rivera Zumba* and *Valerio v. Joyce*, No. 25-cv-17225 (ZNQ), (D.N.J. Nov. 12, 2025, ECF No. 20), and the Petition asserts the same relevant facts regarding Petitioner's immigration status.  (*See id.*)

This Court has jurisdiction pursuant to 28 U.S.C. § 2241(c)(3). Therefore, the Court will determine the merits of the petition.

**II.    DISCUSSION**

In *Valerio*, this Court held that § 1226(a) governs detention of noncitizens who are inadmissible but have resided in the United States many years without inspection and have been arrested under § 1226(a) for removal proceedings.  *Valerio*, No. 25-cv-17225 (ZNQ) (D.N.J. Nov. 12, 2025, ECF No. 21 at 5) (collecting cases).  Section 1225(b)(2)(a) is inapplicable where a noncitizen is not "seeking admission" at or near the border but, instead, is arrested and detained after residing in the United States for more than two years. (*See id.*)  In *Valerio*, this Court rejected the BIA's interpretation in *Hurtado*, the basis upon which Respondents have detained Petitioner without a bond hearing.  Petitioner entered the United States unlawfully but has lived in the United

2

States for more than two years when he was arrested and detained by ICE. Therefore, his arrest was pursuant to 8 U.S.C. § 1226(a), and he is entitled to a bond hearing under 8 C.F.R. § 236.1(d).

### III.    CONCLUSION

For the reasons set forth above, the Court will grant the petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. 236.1(d). An appropriate Order follows.


Date: December 4, 2025

                                                  s/ Zahid N. Quraishi  
                                                  **ZAHID N. QURAISHI**  
                                                  **UNITED STATES DISTRICT JUDGE**